UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MELVIN SPINOZA,

    Petitioner,

v.                                      CASE No. 8:06-CV-1268-T-23TGW

RIVER COUNTRY ESTATES
HOMEOWNERS ASSN.,

    Respondent.
_____

REPORT AND RECOMMENDATION

    The affiant has filed a Pro Se Pauper Petition purportedly seeking to remove a case from state court without paying the filing fee (Doc. 2).

    Under 28 U.S.C. 1915(a)(1), the court may authorize the filing of a civil action without prepayment of fees if the affiant submits an affidavit that includes a statement of all assets showing an inability to pay the filing fee and a statement of the nature of the action which shows that he is entitled to redress. Here, the affiant's petition fails to include all the pertinent financial information which is necessary to make an indigency determination. Thus, it only states information about the affiant's income; there is no mention of assets, whether

a spouse is employed, and there is no discussion of the amounts of his liabilities and expenses (see Doc. 2).

More significantly, the motion should be denied because there is no basis for proceeding in this court. The affiant has not submitted a new complaint to this court, but rather, has filed a Notice of Removal (Doc. 1) of a state court action in which final judgment was entered in November 2003 (Doc. 1-2, pp. 9-10).

The purported Notice of Removal has not set forth any basis of federal jurisdiction that would support removal of this case. The conclusory assertion of denial of due process will not suffice. There are no facts set forth in the purported Notice of Removal that remotely state a claim of a due process violation. See 28 U.S.C. 1446(a). Further, the opposing party is a homeowners association, a private entity, and due process principles apply to the government, not private entities. See San Francisco Arts & Athletics, Inc. v. U.S. Olympic Committee, 483 U.S. 522 (1987); Public Utilities Commission of District of Columbia v. Pollack, 343 U.S. 451, 461 (1952). Moreover, to the extent the petitioner seeks to have this court review the state court

determinations, such action is barred by the <u>Rooker-Feldman</u> doctrine. <u>See</u> <u>Lance</u> v. <u>Dennis</u>, __ U.S. __, 126 S.Ct. 1198, 1201 (2006).

In addition, the attempted removal is untimely. The petitioner only had thirty days from the time the case became removable to file a notice of removal. 28 U.S.C. 1446(b). There are no allegations showing that the notice filed here was timely, and the assertions in the notice indicate otherwise.

For the foregoing reasons, I recommend that the Pro Se Pauper Petition (Doc. 2) be denied and that the case be remanded to state court.

Respectfully submitted,

THOMAS G. WILSON
DATED: JULY 28, 2006      UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).